*564 JUSTICE KOONTZ,
dissenting.
I concur with the majority’s decision that the written summaries of those parts of the testimony favorable to Puryear’s case were erroneously admitted into evidence as exhibits. Specifically, I agree that the adoption of the practice of admitting summaries of oral testimony would result in a battle of charts and summaries of oral testimony, shifting the jury’s attention away from traditional considerations of each witness’s credibility and the jury’s obligation to decide a case based upon its collective recollection of all the evidence. In my view, however, the error in this case was harmless. See Code § 8.01-678.
N & W contends that “the admission of [Puryear’s] exhibits, and their use in the jury room, prejudiced [N & W] and unfairly elevated the credibility and persuasiveness of oral testimony offered by [Puryear’s] witnesses.” The sole question of fact relevant to this evidence was whether Puryear’s hearing loss and tinnitus were attributable to his exposure to excessive noise on his job at N & W. While the exhibits erroneously admitted may have emphasized the evidence showing this to be the case, the record as a whole nonetheless supports the jury’s verdict attributing Puryear’s hearing loss and tinnitus to conditions of his employment. Accordingly, I do not see that N & W was prejudiced by the erroneous admission of the exhibits and would hold that error to be harmless, substantial justice for the parties having been achieved.
Furthermore, because I find no error in the second issue raised by N & W, I would affirm the jury’s verdict and award. Accordingly, I respectfully dissent.